IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JERRY LISBY,** | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-0534-Y |
| | § | |
| **DAN JOSLIN, Warden,** | § | |
| **Federal Correctional Institute-** | § | |
| **Seagoville,** | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.    PARTIES**

Petitioner Jerry Lisby, Reg. No. 27410-077, is a federal prisoner who is currently incarcerated in the Federal Correctional Institute in Seagoville, Texas.

The Respondent is Dan Joslin, Warden of the Federal Correctional Institute in Seagoville, Texas.

**C. PROCEDURAL HISTORY**

On April 5, 1995, Lisby was arrested in Tarrant County, Texas, on drug-related charges. (Resp't Appendix, Exhibit B at 5.) He was released to federal custody pursuant to a writ of habeas corpus ad prosequendum on September 13, 1995. (*Id.*) On May 28, 1996, Lisby was sentenced in this court to 188 months' imprisonment on one count of conspiracy to possess with intent to distribute and to distribute amphetamine and aiding and abetting. (*Id.* Exhibit A at 1-2.) He was then returned to state custody to answer the pending state criminal charges in the 372th District Court of Tarrant County, Texas. (*Id.* Exhibit K at 35.) On October 21, 1996, he was sentenced by the state court to fourteen years' confinement in the Texas Department of Criminal Justice (TDCJ).

The federal criminal judgment was silent as to whether Lisby's 188-month federal sentence was to run concurrently with or consecutively to any state sentence to which he might be subject. The Bureau of Prisons (BOP) has calculated Lisby's federal sentence as commencing on March 9, 2001, the date Lisby was released by TDCJ on mandatory supervision into federal custody. (*Id.* Exhibit E at 11.) Lisby seeks clarification that his federal sentence was to run concurrently, and not consecutively, with his state sentence, or, in the alternative, that an amended criminal judgment issue to reflect such designation of his federal sentence to any state sentence. (Petition at 2.) Lisby sought administrative resolution of his claim, to no avail. (Resp't Appendix, Exhibits B at 5, C at 7 & D at 10.)

**D. DISCUSSION**

Lisby's claim implicates 18 U.S.C. § 3584(a), which provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged

>term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The statute has two discrete functions. *See Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934, at *3 (N.D. Tex. June 3, 2004), *adopted by* 2004 WL 1368275 (N.D. Tex. June 16, 2004), *aff'd*, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (not designated for publication in the Federal Reporter). First, it grants federal sentencing courts the discretion to impose concurrent or consecutive sentences except in specified circumstances. Second, it creates a presumption regarding whether multiple terms of imprisonment run concurrently or consecutively when the sentencing court is silent on the matter. *Id.* The Fifth Circuit Court of Appeals has interpreted § 3584(a) as granting the district courts the discretion to order a federal term of imprisonment to run concurrently with an anticipated but yet-to-be-imposed state sentence. *See United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000). Without such interpretation, an earlier federal sentence would necessarily run consecutive to a later-imposed state sentence. *Id.* at 256-57.

In this case, the district court expressed no position on whether Lisby's 188-month federal sentence would run concurrently with or consecutively to any anticipated state sentence. Such silence invokes the presumption that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a); *Hernandez*, 234 F.3d at 256-57. When a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, the presumption is that they will run consecutively, *unless* the district court specifically orders that they run concurrently. *See Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).

**Findings, Conclusions and Recommendations**
**of the United States Magistrate Judge—Page 3 of 6**

Although the federal courts may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings when determining whether to impose concurrent or consecutive sentences, the failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences. *See Hernandez*, 234 F.3d at 256-57; *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991). A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively. *See Free*, 333 F.3d at 553.

Because the district court did not specify that Lisby's federal sentence would run concurrently with any later-imposed state sentence, the federal sentence runs consecutively to his later-imposed state sentence. Lisby has not shown that such consecutive sentences violate the United States Constitution or federal law. The constitution affords no right to have state and federal sentences run concurrently. *See United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences. In the absence of a violation of the United States Constitution or federal law, the fact that the BOP considers Lisby's federal sentence to run consecutive to the later-imposed state sentence entitles petitioner to no habeas relief under § 2241. The BOP's decision is consistent with well-settled federal law regarding consecutive sentences when the federal judgment is silent on the matter. Thus, Lisby's attack on the manner in which his federal sentence is being executed fails. To the extent that petitioner seeks to amend or modify the federal criminal judgment to reflect otherwise, he must pursue such relief in a second or successive § 2255 motion in this court.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that Lisby's petition for writ of habeas corpus be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 13, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until December 13, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings,

conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 22 , 2005.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE